UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHELLE L. J., | Case No. 20-CV-2078 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Edward C. Olson, DISABILITY ATTORNEYS OF MINNESOTA, for plaintiff.

Michael Moss, SOCIAL SECURITY ADMINISTRATION, for defendant.

Plaintiff Michelle L. J. brought this action to challenge the decision of the Commissioner of Social Security (the "Commissioner") to deny her application for disability benefits. This matter is before the Court on Michelle's objection to the January 25, 2022 Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty. Judge Docherty recommends granting the Commissioner's motion for summary judgment and denying Michelle's motion for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Docherty that the Administrative Law Judge's ("ALJ's") decision was supported by substantial evidence, overrules Michelle's

objection, and adopts Judge Docherty's thorough and careful R&R. Only two matters merit brief comment:

*First*, Michelle argues that Judge Docherty "applie[d] the wrong regulations" to the ALJ's decision because his R&R refers to the "weight" that the ALJ assigned to the medical opinions in the record. The argument is meritless. Judge Docherty explicitly recognized that the former regulations set forth in 20 C.F.R. § 416.927 (which described the "weight" given to medical opinions by an ALJ) did not apply to Michelle's claim, and that her claim was instead governed by the current regulations set forth in 20 C.F.R. § 416.920c (which require the ALJ to "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions," 20 C.F.R. § 416.920c(b)). ECF No. 41 at 7. When Judge Docherty referred to the "weight" that the ALJ assigned to a medical opinion, he was simply discussing how persuasive the ALJ found that opinion. Moreover, Judge Docherty thoroughly explained why the ALJ's decision is supported by substantial evidence, which is all that is required in order to affirm that decision. *See Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018).

*Second*, Michelle objects to Judge Docherty's reliance on the Eighth Circuit's opinion in *Rogers v. Chater*, 118 F.3d 600 (8th Cir. 1997), to conclude that the ALJ did not err in taking into account the timing of the medical opinions in the record. According to

Michelle, *Rogers* is inapplicable because "the new [social security] regulations require a different analysis" than the analysis the court conducted in *Rogers*. ECF No. 43 at 2. But nothing in the new regulations *forbids* an ALJ from taking into account the temporal gap between a medical opinion and the onset of disability, nor does anything in the new regulations prohibit an ALJ from finding evidence prepared close to the onset date more persuasive than evidence prepared earlier. *See* 20 C.F.R. § 416.920c(c)(5) ("When we consider a medical source's familiarity with the other evidence in a claim, we will also consider whether new evidence we receive *after* the medical source made his or her medical opinion . . . makes the medical opinion . . . more or less persuasive." (emphasis added)).

## ORDER

Based on all of the files, records, and proceedings herein, the Court OVERRULES Michelle's objection [ECF No. 43] and ADOPTS Judge Docherty's R&R [ECF No. 41]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 32] is DENIED.
2. Defendant's motion for summary judgment [ECF No. 36] is GRANTED.
3. Plaintiff's complaint [ECF No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2022         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge